IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Barbara J. Wingate, | ) | Civil Action No. 4:02-2864-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **O R D E R** |
| | ) | |
| Reginald C. Brown, Jr., and The Hyman Law Firm, | ) ) ) | |
| | | |
| Tracy A. Wingate, | ) | Civil Action No. 4:02-3442-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **O R D E R** |
| | ) | |
| Reginald C. Brown, Jr., and The Hyman Law Firm, | ) ) ) | |
| | | |
| Stephanie D. Wingate, | ) | Civil Action No. 4:02-3432-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **O R D E R** |
| | ) | |
| Reginald C. Brown, Jr., and The Hyman Law Firm, | ) ) ) | |

This court entered an order on March 29, 2005, granting in part and denying in part a motion for summary judgment filed by the defendant in each of these actions. The motion for summary judgment was made on the basis of the applicable statute of limitations. I held that the claims which plaintiffs knew or should have known of on or before August 26, 1999, were barred by the statute of limitations, but claims based on any alleged conduct occurring after August 26, 1999, were not barred

-1-

by the statute of limitations. Additionally, I allowed the parties thirty days to file any dispositive motions regarding the remaining claims.

The matter is now before the court on the parties cross motions for summary judgment. Defendants filed their motions for summary judgment on April 28, 2005 (Document # 108, 106, and 105).[1] Plaintiffs filed their motions on June 8, 2005 (Document # 111,109, 108, respectively).

The parties file their motions for summary judgment pursuant to Rule 56, FRCP. The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in

---

[1] Because the plaintiffs are proceeding *pro se*, they were advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to adequately respond to the defendants' motion for summary judgment could result in dismissal of their case. The order states that if the plaintiffs fail "to respond adequately, the motion may be granted, thereby ending the case. Careful attention should be given to the requirements of Rule 56(e) concerning the necessity for affidavits . . . to be based upon personal knowledge, to contain facts admissible in evidence, and to be executed by a person who would be competent to testify as to matter contained in the affidavit if he or she was called to the witness stand. . . . submission of a brief . . . will not be sufficient alone to withstand a properly supported motion for summary judgment."

the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celetex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves"). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Celetex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

Since the plaintiffs are proceeding pro se, this court is required to treat their filings and pleadings with some degree of liberality. Estelle v. Gamble, 429 U.S. 97 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) (per curiam). However, plaintiffs are cautioned that while the mandated liberal construction afforded pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim

on which the plaintiffs could prevail, it should do so, but that the court may not rewrite pleadings to include claims that were never presented; Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct plaintiffs' legal arguments for them, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).  Further, while the court should afford a pro se litigant every reasonable opportunity to construct and present a potentially meritorious claim, the court cannot act as counsel for a pro se litigant or excuse a failure to comply with the rules of this court.

Defendants file their motion seeking summary judgment on the merits of the remainder of plaintiffs' claims.  To put this in context, a brief recitation of the facts are included below.

In 1997, Defendant Brown (Brown), an attorney with Defendant Hyman Law Firm, was retained to represent Plaintiff Barbara Wingate (Mother) and her two daughters, Plaintiffs Tracy Wingate and Stephanie Wingate (Daughters) with regard to a potential claim against a Wal-Mart store.  Brown filed suit on behalf of Mother but failed to file suit on behalf of Daughters within the applicable statute of limitations.  In May 1999, Brown informed plaintiffs of his error, that Daughters could bring an action against him for missing the statute of limitations, and of his conflict of interest (or potential conflict of interest) in continuing his representation of Mother.  By letter dated May 26, 1999, Brown advised plaintiffs of three options: (1) Mother retain another attorney, (2) Mother retain another attorney with Brown continuing to represent her also, or (3) Brown continue to represent Mother without additional counsel.  He advised that if Mother chose (2) or (3), it would be necessary for Mother to sign a document stating she understood the situation and voluntarily agreed for Brown to continue in her representation, and for Daughters to sign a release for any malpractice claim they had against him.  On

September 8, 1999, Brown spoke with another attorney regarding the potential representation of Mother in the suit against Wal-Mart. By letter of the same date, Brown advised the attorney and Mother that he would be submitting a petition to the court to be relieved as counsel. On September 8, 1999, Brown did in fact submit a petition to be relieved as counsel for Mother. The petition was granted on January 6, 2000.

In their present motion for summary judgment, defendants assert that Brown's representation of the plaintiffs ended on or before August 26, 1999, and therefore, any claims involving alleged conduct occurring after August 26, 1999, based upon a breach of duty owed by him to plaintiffs are without merit. Defendants also argue that plaintiffs have failed to present any evidence to support their claims of intentional fraud, conversion/strict liability, conspiracy, denial of speedy trial, cruelty, outrage or other claims alleged in their amended complaint.

Plaintiffs responded to defendants' motion for summary judgment with Plaintiffs Motion for Summary Judgment filed June 8, 2005. In their motion, plaintiffs attempt to argue many of issues involving conduct occurring prior to August 26, 1999; specifically but not limited to, the allegations relating to Brown missing the statute of limitations in the Daughters' cases. In essence, they argue that although Brown made his error known to them prior to August 26, 1999, the damage resulting from his negligence continued. They argue that Brown did not have a conflict of interest in continuing the representation of Mother, but only used that as a ploy to obtain releases from Daughters for missing the statute of limitations.

Plaintiff submits a letter dated September 1, 1999, from Brown to Mother. The letter advises Mother that he had not heard from her regarding her new attorney and informs her that her case was on the trial roster for the following week and that she needed to notify her new attorney that the case was

up for trial if she wanted to try the case that week. It also advised Mother that Brown would not be in attendance because of obligations in other courts.

Mother attended the bar meeting the following week, September 7, 1999, without an attorney and upon her request, apparently, the case was continued past that term of court. Plaintiff argues that not showing up and advising of the approaching trial date was a tactic employed by Brown to pressure Daughters into signing releases.

Plaintiff also submits letters from Brown dated September 14, 1999, to Tracy Wingate and to Mother. The letter to Tracy Wingate indicates a request was made by Mother to obtain Tracy Wingate's file from Brown. Brown indicates that he would release the file provided he has a day's notice and a release is signed acknowledging that the file has been received and that Brown has not kept any copies of the documents. The letter to Mother indicates receipt of a letter from Mother dated September 10, 1999, requesting that a motion to be relieved as counsel be filed. In the letter, Brown advises that a motion to be relieved had already been filed. It also states that he would provide the file to her new attorney upon a stipulation of substitution of attorney being executed, or to Mother once he has been relieved as her attorney of record in the court.

Plaintiff also submits a letter from Brown to Mother dated December 14, 1999, advising her that the motion to be relieved as counsel was scheduled for January 10, 2000, and that if she had not retained another attorney, she needed to do so immediately. Plaintiff also submits a letter from Brenda Reddix-Smalls, Esq., dated January 5, 2000, to the state court judge advising that she had been retained to represent Mother and requesting a continuance of the case from the January 6, 2000 term of court. As indicated on the order dated January 11, 2000, the case was continued until the February 7, 2000, term.

It appears that Mother argues that Brown's December 14, 1999, letter did not mention the

January 6, 2000, term of court "so the plaintiff could not appear."

Plaintiffs also appear to argue that the statute of limitations in a legal malpractice action should be tolled until the attorney-client relationship has ended. Thus, they argue the statute of limitations did not begin to run until January 2000, when Brown was relieved as the attorney of record for Mother. As set forth in the Report and Recommendation filed December 15, 2004, which was adopted by order filed March 29, 2005, South Carolina does not recognize the "continuous representation" rule. Therefore, as previously held by this court, plaintiffs' argument is without merit.

This court finds that the remainder of plaintiffs' claims are subject to summary judgment because they fail to show damages or a causal relation between actionable conduct and damages suffered. As with any action brought in tort, a plaintiff must establish a duty, breach of duty and damages proximately caused by that breach of duty. As previously held, conduct occurring on or before August 26, 1999, is not actionable because it is barred by the statute of limitations. As set forth above, plaintiff presents sufficient evidence under Rule 56 to show a breach of duty involving conduct occurring after August 26, 1999. In the light most favorable to plaintiff, Brown should not have simply advised Mother of the September 7, 1999, court date.[2] However, the case was continued and Mother obtained another attorney and a subsequent court date; therefore, no resulting harm or damage occurred. Accordingly, Mother fails to present evidence of damages or a causal connection between a breach of duty and any potential damages.

Plaintiffs also argue that Brown's breach of contract and malpractice was the proximate cause of damages suffered by Daughters in being barred from bringing an action against Wal-Mart. This may

---

[2] Regarding the January 2000 court date, the record does not disclose when the trial roster was distributed to the attorneys and another attorney was involved at that point in time. Therefore, insufficient evidence has been presented to show a breach of duty in December or January 2000.

be true.  Brown did fail to file an action on behalf of Daughters within the statute of limitations.  However, as set forth previously, Daughters were aware of this on or before August 26, 1999.  Thus, their present actions are barred by the statute of limitations.  To the extent Daughters' claim is based on Brown's alleged tactics to coerce them into signing a release, no release was ever signed.  Therefore, no damages were suffered.  Additionally, plaintiffs fail to present evidence of "tactics" other than the conclusory statements contained in the text of their motions which does not meet the requirements of Rule 56.

Additionally, in their motion, defendants address other causes of action alleged in plaintiffs complaint, and present affidavits supporting their motion.  In plaintiffs' motions they only challenge defendants' motions on the actions based on breach of contract and negligence.  Plaintiffs fail to create an issue of fact regarding their causes of action for fraud, conversion, and conspiracy or other alleged causes of action.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motions for summary judgment (Documents # 108, 106, and 105, respectively) are **GRANTED** and these cases shall be dismissed.  Plaintiffs' motions for summary judgment (Documents # 111, 109, and 108) are **MOOT**.

**AND IT IS SO ORDERED**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

September 29, 2005
Florence, South Carolina